UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.K., an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as the SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, dba "TSA"; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:26-cv-00315-JAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Plaintiff is an officer with the Transportation Security Administration ("TSA"), a component of the Department of Homeland Security. See ECF No. 1, Compl. She brings this action, proceeding under a pseudonym, alleging that she was subjected to sex-based discrimination and harassment by her supervisor, Mark Rominger; after reporting it, she experienced retaliation. Id. at pg. 1. The complaint contains four causes of action under 42 U.S.C. § 2000e-16 against Defendant: (1) "Sex Discrimination – Disparate Treatment;" (2) "Sexual Harassment – Hostile Work Environment;" (3) "Sexual Harassment – Quid Pro Quo;" and

(4) "Retaliation." Id. ¶¶ 58-62.

Defendant Markwayne Mullin moves to dismiss Plaintiff's complaint in its entirety, arguing she failed to exhaust her administrative remedies and otherwise failed to plead facts sufficient to maintain her claims. See ECF No. 13-1, Defendant's Memorandum of Points and Authorities ("Mot."). The matter is fully briefed, and for the reasons detailed below, Defendant's Motion to Dismiss is granted in part and denied in part.[1] See ECF No. 16, Plaintiff's Opposition to Mot. ("Opp'n"); ECF No. 17, Defendant's Reply ("Reply"). The Court also denies Defendant's request for judicial notice.

## I. OPINION

The central issue before the Court is whether Plaintiff's complaint may be dismissed for failure to exhaust her administrative remedies at this procedural stage. See Mot. at 4; Opp'n at 1. The Court addresses this portion of Defendant's motion first before turning to Defendant's arguments as to whether Plaintiff has otherwise adequately pled her claims.

### A. Administrative Exhaustion

As a general matter, "a federal employee must exhaust her administrative remedies before filing a lawsuit under Title VII." Mot. at 4 (citing Sommatino v. United States, 255 F.3d 704, 707-708 (9th Cir. 2001)). Exhaustion includes initiating Equal Employment Opportunity (EEO) contact "within 45 days of the alleged [mis]conduct." Sommatino, 255 F.3d at 708.

Defendant asks the Court to resolve administrative

[1] This motion was determined to be suitable for decision without oral argument. See ECF No. 19; E.D. Cal. L.R. 230(g).

exhaustion at the motion to dismiss stage, relying on records he submitted for judicial notice that purportedly show Plaintiff failed to exhaust her claims. Mot. at 4. However, Defendant does not provide any binding authority to support his "belie[f] that this Court may adjudicate the exhaustion issue on a Rule 12(b)(6) motion . . ." Id. Instead, he cites district court cases that rely on Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch, a Ninth Circuit decision that, unlike here, involved adjudication of the exhaustion issue at the summary judgement stage. 572 F.3d 1039 (9th Cir. 2009); Mot. at 4 (citing Monk v. Dejoy, No. 22-CV-03403-RMI, 2023 WL 2870363 (N.D. Cal. Apr. 10, 2023)); Reply at 2 (citing Vasquez v. Washington Dep't of Veterans Affs., 746 F. Supp. 3d 1011, 1022 (W.D. Wash. 2024) (internal citation omitted)). In opposition to Defendant's motion, Plaintiff cites a number of cases supporting her position that "[w]hether a plaintiff has exhausted administrative remedies . . . is a complex and fact-bound issue that cannot be properly resolved at the motion to dismiss stage." Opp'n at 5-8 (citing Perttu v. Richards, 605 U.S. 460, 469 (2025); Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); McIntyre v. Eugene Sch. Dist. 4J, 976 F.3d 902, 909 n.6 (9th Cir. 2020)).

It is true that "[u]nder both Supreme Court and Ninth Circuit precedent, the issue of administrative exhaustion is generally seen as [a] 'complex question.'" Opp'n at 7 (internal citation omitted). Indeed, Kraus and other cases cited by the parties demonstrate that this issue is better dealt with on summary judgement or at trial, not at the motion to dismiss

stage, because whether Title VII administrative exhaustion has properly occurred is not a jurisdictional or procedural issue that can be decided as a matter of law vis-à-vis a 12(b)(6) motion. Opp'n at 6 (citing Kraus, 572 F.3d at 1043); Mot. at 5 (citing Fort Bend Cnty., Texas v. Davis, 587 U.S. 541, 552 (2019)). Given this precedent, the Court finds that "[a]nalysis of the question of exhaustion" would be improper at this stage as it "requires consideration of heavily factual issues," and therefore declines to foreclose Plaintiff's claims at this procedural stage. Accord Opp'n at 7; see also Albino, 747 F.3d at 1166 (explaining that adjudication at this stage is reserved for the "rare event [where] failure to exhaust is clear from the face of the complaint"). Moreover, Defendant, as the moving party, has not presented any Ninth Circuit or other binding authority supporting his position that Plaintiff's claims may be dismissed; since Defendant has failed to demonstrate the complaint's allegations do not "plausibly give rise to an entitlement to relief," Defendant's motion on this basis is denied. Accord Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Given the Court's denial of Defendant's motion on this basis, the Court denies Defendant's request for judicial notice as moot. Fed. R. Civ. P. 201.

B. Failure to State a Claim

Defendant also moves to dismiss Plaintiff's complaint in its entirety, arguing that "she does not plausibly state claims for sex discrimination, sexual harassment, or retaliation." Mot. at 7. Plaintiff opposes Defendant's challenge to Counts Two (hostile work environment), Count Three (quid pro quo), and

Count Four (retaliation), but did not respond to Defendant's arguments as to Count One (sex discrimination). See Opp'n.

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Iqbal, 556 U.S. at 679.

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein, conclusory or "formulaic recitation[s] of the elements" do not alone suffice. Id. (internal quotations and citations removed). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id.

In granting a motion to dismiss, a court must also decide whether to grant leave to amend. See Fed. R. Civ. P. 15. Leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "'the complaint could not be saved by any amendment.'" Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)).

1. Count One: Sex Discrimination – Disparate Treatment

Defendant asserts that "Plaintiff has not pled information sufficient to support her first cause of action for sex discrimination," because she did not plead that she "suffered an adverse employment action due to her sex," nor that she "was treated differently than other similarly situated coworkers." Mot. at 7-8. As noted in Defendant's Reply, Plaintiff failed to respond to or otherwise oppose Defendant's motion to dismiss Count One. Reply at 5; see also Opp'n at 11. Accordingly, Defendant's Motion to Dismiss Count One is granted, without prejudice. Fed. R. Civ. P. 15; Foman, 371 U.S. at 182; Eminence Cap., LLC, 316 F.3d at 1052.

///

///

2. Count Two: Sexual Harassment – Hostile Work Environment

Defendant moves to dismiss Count Two, arguing "Plaintiff does not provide sufficient information to plausibly assert sexual harassment-hostile work environment," because her allegations "leav[e] open [the] severity and pervasiveness" of the misconduct. Mot. at 8. More specifically, Defendant notes that Plaintiff "does not specify whether Rominger was a peer or a supervisor at the time of the alleged harassment" and that "not all [of Rominger's] communications were inappropriate." Id. at 8 (internal quotations omitted). Plaintiff responds by citing several paragraphs in her complaint that include facts such as Rominger's misconduct "beginning no later than 2018 [through] 2020" (Compl. ¶¶ 12-15), his "letters expressing sexual desire" (Id. ¶ 15), kissing her (Id. ¶ 17), "demand[ing] sexual content in exchange" for time off/flexibility (Id. ¶ 26), and Plaintiff "avoiding work and/or altering her schedule to minimize contact with Rominger" (Id. ¶ 24), which she argues "demonstrate [] Plaintiff has sufficiently [pled] this cause of action." Opp'n at 12.[2]

"To establish sex discrimination under a hostile work environment theory, a plaintiff must show she was subjected to

[2] Plaintiff cites 478 F.Supp.3d 899, a 2020 Northern District of California case in support of her arguments. However, it appears Plaintiff miscaptioned this case as Brown v. Contra Costa Cnty, instead of Pringle v. Wheeler. The case at the citation, Pringle, however, does support Plaintiff's contention that she has plausibly asserted a hostile work environment claim. Pringle v. Wheeler, 478 F. Supp. 3d 899, 915 (N.D. Cal. 2020) ("To the extent that [defendant] factually challenges the severity or pervasiveness of [plaintiff]'s allegations, this argument is not appropriate at the pleadings stage.").

sex-based harassment that was sufficiently severe or pervasive to alter the conditions of employment, and that her employer is liable for this hostile work environment." Christian v. Umpqua Bank, 984 F.3d 801, 809 (9th Cir. 2020). As the Supreme Court reiterated in Harris v. Forklift Systems, Inc., assessment of a plaintiff's Title VII claims is a fact-driven inquiry. 510 U.S. 17 (1993). Indeed, "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 23.

Accepting the Complaint's factual allegations "as true and constru[ing] them in light most favorable to the nonmoving party," Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007), coupled with the considerations outlined in Harris, the Court finds Plaintiff has pled sufficient facts to overcome Defendant's Motion to Dismiss because the complaint includes allegations substantiating the essential elements of a hostile work environment claim, including "[t]he length of conduct, its physical nature, and its interference with [her] work performance . . . ." Accord Opp'n at 12; Harris, 510 U.S. at 23. Accordingly, Defendant's Motion to Dismiss Count Two is denied.

### 3. Count Three: Sexual Harassment – Quid Pro Quo

In the Ninth Circuit, "quid pro quo sexual harassment occurs whenever an individual explicitly or implicitly conditions a job,

a job benefit, or the absence of a job detriment, upon an employee's acceptance of sexual conduct." Nichols v. Frank, 42 F.3d 503, 511 (9th Cir. 1994) (overruled in part on other grounds) (citations omitted).

Defendant moves to dismiss Count Three arguing that there is an "absence of sufficient factual matter" to support Plaintiff's quid pro quo claim because Plaintiff "does not allege that the workplace benefits she sought—flexibility and time off—was affected by whether she acceded to Rominger's demands of sexual content." Mot. at 7-9. Plaintiff counters that the allegation Rominger demanded sexual content in exchange for time off "clearly fits" within the definition of quid pro quo under Title VII. Opp'n at 12. Nevertheless, in response to Defendant's argument regarding whether Plaintiff "acceded to Rominger's demands," Plaintiff requests this Court grant her leave to amend this claim, which Defendant does not appear to oppose. Id. at 12-13; see generally Reply. The allegations in the complaint do appear conclusory and "paint too vague a picture of . . . whether there was a nexus between Plaintiff's pursuit of a job benefit and receipt or denial of that benefit based on a demand for sexual conduct." See Mot. at 9; Compl. ¶¶ 25-26. Because Plaintiff's allegations do not sufficiently connect a "job benefit" to being conditioned on "acceptance of sexual conduct," Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1054 (9th Cir. 2007), the Court grants Defendant's motion, without prejudice, as to Plaintiff's quid pro quo claim. Fed. R. Civ. P. 15; Foman, 371 U.S. at 182; Eminence Cap., LLC, 316 F.3d at 1052.

///

4. Count Four: Retaliation

Defendant moves to dismiss Count Four, challenging the sufficiency of Plaintiff's pleading as to two elements: whether she engaged in a protected activity, and whether she was subjected to an adverse employment action. Mot. at 9-11.

To successfully bring a retaliation claim, "a plaintiff must show that (1) she was engaging in protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." Bergene v. Salt River Project Agr. Imp. & Power Dist., 272 F.3d 1136, 1140–41 (9th Cir. 2001)).

First, Defendant, without citing any case law, argues that Plaintiff fails to plead the first element of her retaliation claim because her protected activity—contacting the TSA hotline—does not qualify as "EEO contact" and that "retaliation requires that there be predicate EEO contact." Mot. at 9-10. Plaintiff counters, citing Raad v. Fairbanks N. Star Borough Sch. Dist., where the Ninth Circuit recognized that protected activity can include "the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to 'oppose[ ]' an employer's discriminatory practices." Opp'n at 12-14; 323 F.3d 1185, 1197 (9th Cir. 2003), opinion amended on denial of reh'g, No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003). Indeed, Raad supports Plaintiff's position she engaged in a protected activity because her complaint "resulted in an investigation of Rominger," akin to "engaging in" an act of "oppos[ition]" to

Rominger's practices. Opp'n at 13; 323 F.3d at 1197. Further, because Defendant cites no authority to support his contention that "retaliation requires [a] predicate EEO contact," Mot. at 10, the Court finds that Plaintiff has sufficiently alleged that she engaged in a protected activity necessary for a retaliation claim at this pleadings stage. Accord Raad, 323 F.3d at 1197.

Second, Defendant argues that "Plaintiff does not allege that she was subject to an adverse employment action," the second element of a retaliation claim. Mot. at 10. In Defendant's view, "backlash from peer coworkers," does not "qualify" as an adverse employment action, nor does "ongoing harm to her work environment," amount to an adverse employment action by making it "reasonably likely" that she would be "deter[red] from engaging in a protected activity." Id. (citing Ray v. Henderson, 217 F.3d 1234, 1241 (9th Cir. 2000)). Defendant likens Plaintiff's "backlash" allegation to "mere ostracism," which the Ninth Circuit has found "does not constitute an adverse employment action." Ray, 217 F.3d at 1241 (other citations omitted). However, Defendant overlooks that in Ray, the Ninth Circuit reversed the district court's grant of summary judgement for the government, finding that Plaintiff's claims "qualify as adverse employment actions." Id. at 1244. There, the court engaged in a detailed discussion of the "wide array of disadvantageous changes in the workplace [that can] constitute adverse employment actions," and explained that even some actions that "do [not] materially affect the terms and conditions of employment" can still be considered adverse employment actions. Id. at 1242. So, while Defendant cites

Ray, it does not support his position that the backlash "does not qualify," and from that, Defendant has not shown that Plaintiff failed to properly plead her claim as to the adverse employment element of a retaliation claim.

Taken together, the Court finds that Plaintiff has adequately pled her retaliation claim. In addition, Defendant did not include any response to Plaintiff's arguments in his reply brief, which the Court views as a concession that this claim should not be dismissed at this stage of the proceedings. See generally Reply. Accordingly, Defendant's motion to dismiss Count Four is denied.

C. Doe Defendants

Defendant seeks dismissal of the Doe Defendants "because the only proper defendant to a Title VII action in the federal sector is the Secretary of the applicable department." Mot. at 2. Plaintiff does not raise any objection. Accordingly, Defendant's unopposed Motion to Dismiss Doe Defendants 1-50 is granted, without prejudice. Id. at 2, n.1 ("Plaintiff has agreed to voluntarily dismiss the Doe defendants"); see also Opp'n; Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007).

II. ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss. The motion is granted, without prejudice, as to Counts One and Three, and denied as to Counts Two and Four. DOE Defendants 1-50 are also dismissed.

If Plaintiff elects to amend Counts One and/or Three, she

shall file her amended complaint within twenty days of the date of this Order. Defendant shall file his response to the amended complaint within twenty days thereafter.

IT IS SO ORDERED.

Dated: November 3, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE